**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERSON ARMANDO ROMERO
SALAZAR,

    Defendant - Appellant.

No. 25-5035
(D.C. No. 4:24-CR-00125-JFH-1)
(N.D. Okla.)

## ORDER AND JUDGMENT*

Before **MATHESON**, **MURPHY**, and **FEDERICO**, Circuit Judges.

Gerson Armando Romero Salazar was indicted on one count of being

an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A).

He moved to dismiss the indictment on the ground that § 922(g)(5)(A) is

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

facially unconstitutional under the Second Amendment. The district court denied the motion. Mr. Salazar pled guilty and was sentenced to eighteen months imprisonment and three years supervised release.

On appeal, Mr. Salazar again raises an argument that § 922(g)(5)(A) is facially unconstitutional under the Second Amendment, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We have recently rejected an as-applied Second Amendment challenge brought under *Bruen* to § 922(g)(5)(A) in *United States v. Duque-Ramirez*, No. 24-6257, --- F.4th ---, 2025 WL 3637480 (10th Cir. Dec. 16, 2025).

For a facial challenge to be successful, the challenger must "establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Mr. Salazar cannot do so considering *Duque-Ramirez*. *See United States v. Rahimi*, 602 U.S. 680, 693 (2024). The parties now agree that *Duque-Ramirez* forecloses Mr. Salazar's facial challenge.

We therefore AFFIRM the district court's judgment.

Entered for the Court

Richard E.N. Federico
Circuit Judge

2